Case 4:19-cv-02375   Document 16   Filed on 09/29/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT KING CONWAY, (TDCJ #428166) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-2375 |
| BOBBY LUMPKIN,[1] | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Robert King Conway is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). Conway has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. The respondent, Bobby Lumpkin, moves for summary judgment, and Conway has responded.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the Court finds that there are no genuine factual disputes material to deciding the claims and that the respondent is entitled to summary judgment as a matter of law. The reasons are explained below.

---

[1] The previously named respondent in this action was Lorie Davis. In August 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice – Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

## I. Background

In August 1986, Conway was convicted of capital murder in Orange County, Texas (Cause No. A-860049), and sentenced to life imprisonment. Conway does not challenge his conviction here. Instead, he challenges a prison disciplinary conviction received at the Michael Unit, where he was previously incarcerated.

Conway was charged with establishing an inappropriate relationship with a TDCJ employee in TDCJ Disciplinary Case #20190072566. (Dkt. Nos. 1, at 5; 13-1, at 3, 5). After a hearing on November 26, 2018, Conway was found guilty of the violation. (Dkt. No. 13-1, at 3). As punishment, the hearing officer ordered Conway's classification status reduced from S3 to L2, restricted his commissary and recreation privileges for 45 days, and imposed a 45-day cell restriction. (*Id.*; Dkt. No. 1, at 5). The hearing officer also ordered Conway to forfeit 90 days of previously earned good-time credit. (*Id.*). Conway filed a step 1 grievance to challenge the conviction but did not file a step 2 grievance. (Dkt. Nos. 1, at 5–6; 13-2, at 3–4).

Conway now seeks federal habeas corpus relief from his disciplinary conviction. He raises the following grounds for relief:

1. his due process rights were violated because he was not allowed to question a requested witness;

2. his due process rights were violated because the hearing officer was not fair or impartial;

3. his due process rights were violated because he was not allowed to complete the administrative appeal process; and

4. there was insufficient evidence to substantiate a finding of guilt.

(Dkt. No. 1, at 6–7). Conway seeks a new disciplinary hearing with a fair and impartial hearing officer or, alternatively, an opportunity to complete the administrative appeal process.

## II. The Summary Judgment Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. The Court applies general summary judgment standards to the extent they do not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Conway is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852

F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981).

### III. Analysis

For the reasons set out below, Conway fails to state an actionable basis for relief under § 2254.[2]

#### A. The Loss of Privileges and Reduction in Line-Class Status

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Although the disciplinary conviction at issue resulted in restrictions on commissary and recreation privileges, as well as cell restriction and a reduction in classification status, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limits on commissary and recreational privileges, as well as cell restriction, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* Reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). To the extent Conway challenges the loss of these

---

[2] The respondent argues that Conway's claims are unexhausted and, therefore, procedurally barred from federal habeas review. (Dkt. No. 12, at 7–9). Conway concedes that he did not properly exhaust his administrative remedies but argues that he was prevented from doing so. (Dkt. Nos. 1, at 5–6; 15, at 2). Notwithstanding the failure of an applicant to exhaust all available remedies, a court may deny an application for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b)(2).

privileges and the reduction in his line-class status—which do not impact the fact or duration of his confinement—his petition does not raise an actionable claim.

### B. The Loss of Good-Time Credits

Conway's disciplinary case also resulted in the loss of 90 days of good-time credit. The respondent argues that Conway is ineligible for mandatory supervision because he is serving a life sentence and, therefore, does not have a constitutionally protected interest in his lost good-time credit. (Dkt. No. 12, at 11). In response, Conway argues that he is eligible for mandatory supervision under the law in effect in 1985, when he committed his underlying offense of capital murder. (Dkt. No. 15, at 3–6).

The loss of good-time credit implicates a liberty interest. A Texas prisoner is entitled to due process in the prison disciplinary context when the disciplinary punishment includes a loss of good-time credit, if the prisoner is eligible for release on mandatory supervision. *See Malchi*, 211 F.3d at 957–59. It is well settled that inmates serving a life sentence are not eligible for mandatory supervision as it is "mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (quoting *Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001).

This Court is bound by the holding of *Arnold*, which relied on the *Franks* court's determination of mandatory supervision eligibility. Federal habeas courts do not sit to review a state court's interpretation of a state statute. *See Arnold*, 306 F.3d at 279. The Fifth Circuit repeatedly has rejected claims from life-sentenced Texas inmates who, like

5

Conway, base their claims on previously applicable statutes. *See, e.g., Kalluvilayil v. Tex. Bd. of Pardons and Paroles*, 554 F. App'x 282, 283 (5th Cir. 2014) ("[a]lthough the law in effect [in 1990] at the time of [the plaintiff's] offense provided for release to mandatory supervision," a Texas inmate serving a life sentence is not eligible for release under the mandatory supervision statute); *Stewart v. Crain*, 308 F. App'x 748, 749 (5th Cir. 2009) (a life-sentenced inmate is not eligible for release to mandatory supervision under the Texas mandatory supervision statute). Because Conway is ineligible for mandatory supervision, his loss of 90 days' good-time credit does not present a liberty or due process concern, and his petition is without merit.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This Court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Conway stated a valid claim for relief. A certificate of appealability will not issue.

V. **Conclusion and Order**

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Dkt. No. 12), is **GRANTED**.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. Any and all remaining pending motions are **DENIED AS MOOT**.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on September 29, 2020.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE